## Educational Requirement of Accountants

BARCO, Deputy Attorney General, September 11, 1942.—You have asked our opinion as to whether or not the State Board for the Examination of Public Accountants has the authority to adopt a regulation which would require an applicant for admission to examination for certificate as a certified public accountant to have completed two years of college education or a regular four-year college course.

Section 1 of the Act of March 29, 1899, P. L. 21, 63 PS §1, reads:

"..... *any citizen of the United States, residing or having an office for the regular transaction of business in the State of Pennsylvania, being over the age of twenty-one years and of good moral character,* and who shall have received from the Governor of the State of Pennsylvania a certificate of his qualification to practice as a public expert accountant, as hereinafter provided, shall be designated and known as a certified public accountant, and no other person shall assume such title, or use the abbreviation C. P. A., or any other words, letters or figures to indicate that the person using the same is such certified public accountant. Every person holding such certificate, and every copartnership of accountants, every member of which shall hold such certificates, may assume and use the title of certified public accountants, or the abbreviation thereof, C. P. A.: Provided, That no other person or

co-partnership shall use such title or abbreviation, or other words, letters or figures, to indicate that the person or co-partnership using the same is such certified public accountant." (Italics supplied.)

Section 2 of the same act, as amended May 24, 1921, P. L. 1073, 63 PS §3, provides:

"The examination for certificates shall be based upon an examination in commercial law and general accounting; said examination shall take place in Philadelphia and Pittsburgh, once a year, in the month of November of each year, under such rules and regulations as may be adopted by the board."

The only other pertinent reference to examination mentioned in this act is also contained in section 2, as amended May 24, 1921, P. L. 1073, 63 PS §4, which states:

"In no event, however, shall a special examination be given or a degree granted to any person, except by passing a regular examination as herein provided for, but certified public accountants of other States of the United States, who have been certified for at least one year, may be recommended for certification, at the discretion of the said board, for certificates without any examination."

It is obvious that there is nothing contained in the act which requires that an applicant for examination as a certified public accountant must complete either two years of college education or a regualr four-year college course. In fact the act is silent as to any scholastic requirement that may be needed by an applicant.

Section 1 merely provides that such an applicant must be an individual of good moral character, over 21 years of age and a citizen of the United States, residing in or having an office for the regular transaction of business in the State of Pennsylvania.

Under section 2 of the act, supra, the legislature provided that the examination for certificates of certified public accountants shall be based upon an examination in the subjects of commercial law and general

accounting. Here again it is to be noted that there are no other educational or scholastic requirements. If the applicant for examination has sufficient knowledge of commercial law and general accounting to pass the examination he need have no other educational qualification.

Section 2 also provides that the board is to give these examinations once a year during the month of November *under such rules and regulations as may be adopted by the board.* This language of itself does not authorize the board to adopt and enforce a regulation requiring an applicant for examination to have completed two years of college education or a regular four-year college course. It matters not how the applicant for examination becomes conversant with the subjects of commercial law and general accounting so long as he is able successfully to pass the examinations given by the board on these subjects.

Under The Administrative Code of April 9, 1929, P. L. 177, art. XIII, sec. 1310, as amended, 71 PS §360, it is provided:

"The State Board of Examination of Public Accountants *shall continue to exercise the powers,* and perform the duties, *by law vested in and imposed upon the said board.*" (Italics supplied.)

This provision of The Administrative Code, when considered with section 2 of the Act of 1899, supra, makes it very evident that a regulation requiring the completion of a two- or four-year period of study in college as a prerequisite of an applicant for examination is clearly an assumption of authority by the board which was not granted nor delegated to it by the legislature. An assumption of such a power by the board would obviously be illegal and unconstitutional.

The duty of the board is to give an examination in accordance with the requirements provided by the legislature, not to legislate. For the board to adopt a regulation requiring a period of years of study in college for an applicant to qualify for examination for

16

a certificate as a certified public accountant is to make an asseveration which has neither the sanction of the law nor the support of the judicial opinions. If such a regulation is promulgated by the board it must at least have some basis of authority from the legislature: See Formal Opinion No. 396. Consequently, we conclude that the board has no legal authority to adopt and enforce such a regulation as it has proposed.

It is our opinion, therefore, and you are accordingly advised that the State Board for the Examination of Public Accountants has no authority to adopt or to enforce a regulation requiring applicants for admission to the examination for certified public accountants to have completed two years of college education or a four-year college course.